**United States Court of Appeals**

**FOR THE EIGHTH CIRCUIT**

_____

No. 96-3987

_____

Danny D. Goodroad,                          *
                                            *
              Appellant,                     *
                                            *
     v.                                      *
                                            *   Appeal from the United States
John H. Fitzgerald, Jr.,                     *   District Court for the District of
individually and in his capacity as          *   South Dakota.
Butte County State's Attorney; Dick          *
Davis, individually and in his               *
capacity as Butte County Sheriff;            *   [UNPUBLISHED]
Butte County Commissioners,                  *
individually and in their capacity as        *
Butte County Commissioners; Charles          *
Crotty, individually and in his capacity     *
as Lawrence County Sheriff; Don              *
Holloway, individually and in his            *
capacity as Pennington County Sheriff;       *
Kay Commerford, Senior Nurse,                *
Pennington County Jail,                      *
                                            *
              Appellees.                      *

_____

Submitted:  March 24, 1997
Filed: August 12, 1997

_____

Before McMILLIAN, BRIGHT and FAGG, Circuit Judges.

_____

PER CURIAM.

Appellant Danny Goodroad, an inmate in South Dakota, brought this 42 U.S.C. § 1983 action against various county sheriffs, county commissioners, a state's attorney, jail correction officers and a jail nurse. Goodroad asserts that appellees conspired to file a habitual offender petition against him for purposes of sentence enhancement; denied him sufficient access to an adequate law library, the courts and his appointed counsel; denied him necessary medical attention; placed him in solitary confinement without a due process hearing; placed him in inadequate cell blocks; and tampered with his legal and personal mail.

The district court[1] dismissed these claims, contained in Goodroad's first verified amended complaint, on summary judgment. Goodroad's second verified amended complaint was dismissed without prejudice after he failed to comply with the district court's requests to specifically plead how each defendant violated his rights. Goodroad appeals both rulings and raises additional issues.

We have carefully reviewed the record. Although Goodroad's appeal is pro se, appointed counsel assisted him in his resistance to appellees' motion for summary judgment. In our view, Goodroad makes broad and vague allegations regarding alleged mistreatment from appellees. These allegations lack support in the record and there is no material fact in dispute. The district court discussed, in detail, each of Goodroad's claims from his first amended complaint. For the reasons stated by the district court, we affirm the grant of appellees' motion for summary judgment.

Other issues raised by Goodroad on appeal require us to review the district court's conclusions only for an abuse of discretion. We decline to conclude the district

---

[1]The Honorable Richard H. Battey, Chief Judge, United States District Court for the District of South Dakota.

court abused its discretion by requiring Goodroad to amend his original complaint, by denying the appointment of an investigator, by refusing to appoint legal counsel at certain points in the litigation, by deciding not to hold an evidentiary hearing on Goodroad's motion for preliminary injunction, or in its handling of discovery issues. See 8th Cir. Rule 47B.[2]

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]After filing his appeal, Goodroad also raised two additional issues in miscellaneous documents.  First, regarding Goodroad's motion to clarify the record, we reviewed all materials filed by Goodroad and the district court record appears complete.  Goodroad also filed a motion for injunctive relief which was not brought before the district court.  Goodroad makes vague allegations of, for example, harassment at the hands of prison officials for bringing this appeal.  We do not reach this issue, however, because it must first be raised in the district court.